```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

LINDSEY HAUGEN,                          )
                                         )
       Plaintiff,              )
                                         )   10 C 478
     v.                              )
                                         )   Judge George M. Marovich
TISHMAN SPEYER PROPERTIES, L.P.,         )
                                         )
       Defendant.              )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lindsey Haugen ("Haugen") filed against defendant Tishman Speyer Properties, L.P. ("Tishman Speyer") a first amended complaint in which she alleged that she was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964. Haugen alleges that she worked for Tishman Speyer from March to December 2005 and that, during that time, she was subjected to a hostile environment by her supervisor, Lenny Sciascia ("Sciascia"), and her Regional Manager, Mike Norton ("Norton"). Attached to plaintiff's amended complaint are: (1) plaintiff's charge of discrimination, which she filed on February 15, 2006; (2) a reasonable cause finding issued by the EEOC on August 31, 2009; and (3) a notice of right to sue, which the EEOC issued on October 27, 2009. Plaintiff timely filed her complaint on January 23, 2010.

Defendant has filed a motion for summary judgment as to its affirmative defense, laches. For the reasons set forth below, the Court denies defendant's motion for summary judgment.

**I.  Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not

considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.[1]

Only a few of the facts defendant included in its statement of facts relate to plaintiff Haugen. Many of the facts defendant put forth relate to litigation filed by Lauren Hobson, who, it appears, worked at Tishman Speyer at the same time as Haugen and was represented by an attorney who, at one point, also represented Haugen. The following facts are undisputed unless otherwise noted.

The other former Tishman Speyer employee, Hobson, filed with the EEOC a charge of discrimination on December 16, 2005. Before obtaining a notice of right to sue, Hobson filed suit in federal court. That case was quickly dismissed for failure to obtain a notice of right to sue from the EEOC. Hobson asked the EEOC for a right to sue letter, which she received on or about January 8, 2008. She filed suit again. Tishman Speyer and Hobson settled the case in February 2009, and on February 17, 2009, Hobson's complaint was dismissed with prejudice. In September 2009, the EEOC destroyed its file on Hobson.

---

[1] Plaintiff filed a statement of additional facts that she deems undisputed, and defendant failed to file a response to those facts. Ordinarily, the Court would deem admitted all of the facts in plaintiff's statement that plaintiff supported with admissible evidence. As it turns out, it is unnecessary to consider plaintiff's facts, because it is clear, from defendant's facts, that defendant has failed to carry its burden with respect to establishing the affirmative defense of laches.

For her part, Haugen filed her charge with the EEOC on February 15, 2006. In February 2010, Tishman Speyer requested (and subsequently obtained) a copy of plaintiff's EEOC file. The file did not include any written request from plaintiff for a notice of right to sue.

The following facts are disputed. Tishman Speyer asserts that if plaintiff had filed suit earlier, it would have made one claim on its insurance for both suits (Hobson's and Haugen's) instead of making two separate claims. Tishman Speyer's deductible is $100,000.00. Plaintiff points out that Tishman Speyer had notice of plaintiff's claim in February 2006 and was required, under the terms of the insurance, to have alerted its insurance carrier at that time about plaintiff's claim.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Where, as here, a defendant moves for summary judgment with respect to an affirmative defense, the burden of proof rests with the defendant. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009).

## III. Discussion

Employers may raise a laches defense to an employment discrimination claim under Title VII. *National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 121-122 (2002). In *National RR Passenger Corp. v. Morgan*, the Supreme Court concluded that a hostile environment claim is "composed of a series of separate acts that collectively constitute one 'unlawful employment practice'" such that where "an act contributing to the claim occurs" within the time for filing a charge of discrimination, the "entire time period of the hostile environment could be considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 117. The Supreme Court also recognized that they were not leaving employers defenseless against hostile environment claims that last a long period of time, because employers could raise the defense of laches. *Morgan*, 536 U.S. at 121-122. A laches defense is also appropriate where an employee fails, for an unreasonable period of time, to obtain a notice of right to sue from the EEOC and the employer suffers prejudice. *Smith v. Caterpillar, Inc.*, 338 F.3d 730 (7th Cir. 2003).

To establish the defense of laches, the employer must show (1) a lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *Pruitt v. City of Chi.*, 472 F.3d 925, 928 (7th Cir. 2006). The Seventh Circuit has said that the "decision to apply laches rests on a sliding scale: the longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches." *Caterpillar, Inc.*, 338 F.3d at 734. The prejudice must be material which means "it affects the substantial rights of the defendant to such a degree that it justifies the equitable relief of barring the plaintiff's claims." *Caterpillar*, 338 F.3d at 734. Even if the defendant establishes laches, that does not necessarily mean outright dismissal is appropriate. *See Pruitt*, 472 F.3d at 929 ("A less severe consequence would be to carve off the aspects of the plaintiffs' claim that are no longer

subject to meaningful adversarial testing. It might well be sensible to allow litigation about events back to 1999 (four years before the § 1981 suit began) while foreclosing litigation about older events.")

In *Pruitt*, the plaintiffs alleged that they were harassed and insulted for a period of 20 years. The Seventh Circuit concluded that the defendant had proven laches. With respect to diligence, the Seventh Circuit concluded that "[i]f what plaintiffs say about [their former supervisor] is true, they had ample basis for suit 10, 15, or 20 years ago." *Pruitt*, 472 F.3d at 928. The Seventh Circuit also concluded that the defendant had established prejudice by putting forth evidence that: the former supervisor had left the jurisdiction, had refused to return and had suffered a stroke that caused severe memory problems; an individual to whom plaintiffs had complained about their harassment had died two months before plaintiffs filed their complaint; another witness had retired twelve years earlier and the defendant had destroyed his records as outdated before plaintiffs' litigation; and another witness had become unavailable due to illness. *Pruitt*, 472 F.3d at 928.

In *Smith v. Caterpillar*, the plaintiff filed her charge of discrimination with the EEOC on March 20, 1991. She did not file her federal complaint until August 1999, eight and one half years later. As evidence that they were prejudiced, Caterpillar put forth affidavits of key witnesses, who confirmed that they were living out state and that they could not remember the details of plaintiff's employment and termination. Caterpillar also put forth evidence that other key witnesses were deceased or unavailable. Caterpillar put forth evidence that it had lost or destroyed (as part of routine document maintenance) plaintiff's performance reviews and

attendance records. Based on this information, the Seventh Circuit concluded that Caterpillar had been prejudiced and that laches barred the claim. *Caterpillar*, 338 F.3d at 734-735.

The Court first considers whether Tishman Speyer has established a lack of diligence by plaintiff Haugen. It is undisputed that Haugen filed her charge of discrimination on February 15, 2006 and then did nothing until filing her complaint in January 2010, nearly four years later. The Court does not believe, however, that this establishes that plaintiff lacked diligence for four years. First, the Court takes judicial notice of the fact that the EEOC issued a reasonable cause determination in August 2009. Second, an individual generally cannot obtain a notice of right to sue until 180 days after the filing of a charge, which, in plaintiff's case, would have been August 2006. *See* 29 C.F.R. § 1601.28(a)(1). Thus, plaintiff's delay was three years. Not all of that delay can be thought of as unreasonable, because it is reasonable to give the EEOC some additional time, beyond the 180 days, to finish its investigation before requesting a notice of right to sue. Still, Tishman Speyer has shown, as a matter of law, that some of that three-year delay was unreasonable.

Next, the Court considers whether Tishman Speyer has established prejudice, as a matter of law. Because prejudice is judged on a sliding scale and plaintiff's delay was relatively short, Tishman Speyer must put forth significant evidence of prejudice in order to carry its burden. *Caterpillar, Inc.*, 338 F.3d at 734 (the "decision to apply laches rests on a sliding scale: the longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches.").

Tishman Speyer fails to meet the burden of establishing significant prejudice. Unlike the defendants in *Caterpillar* and *Pruitt*, Tishman Speyer has failed to put forth *any* evidence that

even *one* witness is unavailable or no longer remembers the events alleged in plaintiff's complaint. Tishman Speyer has failed to put forth *any* evidence that it no longer possesses the documents related to Haugen's employment. Although Tishman Speyer established that the EEOC no longer possesses its file from the *Hobson* investigation, it is irrelevant whether a third party has documents related to a separate case. What is relevant is what Tishman Speyer possesses with respect to this plaintiff, because it is Tishman Speyer's ability to defend itself against this plaintiff's claims that is relevant to determining whether Tishman Speyer has been prejudiced. Tishman Speyer has failed to put forth any evidence that its ability to defend itself on the merits of Haugen's suit has been diminished by Haugen's delay.

Next, Tishman Speyer argues that it will be prejudiced by the delay due to the possibility of paying backpay for an excessive period of time. The Court concludes that the possibility of excessive backpay does not warrant barring the entire suit for laches in this case. Because backpay is an equitable remedy and subject to mitigation, the Court has the discretion to take the delay into account when fashioning a remedy. It would be different if Tishman Speyer had also put forth evidence that its ability to defend itself on the merits was prejudiced by a loss of evidence. *See Caterpillar*, 338 F.3d at 735.

Finally, Tishman Speyer argues that it is prejudiced because it must now pay a second deductible on its employer liability insurance. This fact, however, is disputed by plaintiff and, accordingly, is not a basis for granting summary judgment to defendant, who bears the burden of proof.

Tishman Speyer has failed to establish that there are no issues of material fact and that it is entitled to judgment as a matter of law on its laches defense. Accordingly, the motion is denied.

IV. **Conclusion**

For the reasons set forth above, the Court denies defendant's motion for summary judgment. This case is set for status on September 28, 2010 at 11:00 a.m.

ENTER:

George M. Marovich
United States District Judge

DATED: September 21, 2010